By the Court.
Two questions are raised in this case:
1. Is the order complained of such as may be reviewed on error?
This question must be answered in the affirmative. We think the order affected a substantial right, and was made “ upon a summary application in an action after judgment,” within the meaning of section 512 of the code. ,S. & C. 1099.
2. Was the ease one in which a second trial was allowable, under the act of April 12, 1858 ?
We think this question should be answered in the negative. By the act of March 12, 1831, which makes special provisions for the prosecution of suits on such bonds, it is expressly declared, that from judgments rendered in such •cases “ there shall be no appeal.” By the practice act of ■March 8,1831, section 123, it was provided. “ that in civil *32 cases an appeal shall be allowed, of course, to the Supreme-Court, from any judgment or decree rendered in the Court of Common Pleas in which such court had original jurisdiction.”
Under this state of legislation, it is quite clear that an appeal would not lie from a judgment rendered in the-Court of Common Pleas on a treasurer’s bond, to the Supreme Court.
The District Courts, in their respective counties, were made successors of the Supreme Court by section 12 of the schedule in the constitution of 1851.
The right of appeal from the Common Pleas to the District Court, substantially as provided for in the act of 1881,. was continued by subsequent legislation (Swan’s Revised Stat. 717), until the passage of the act of April 12, 1858, entitled “ an act to relieve District Courts, and to give-greater efficiency to the judicial system of the state.”
Dy the last-named act, the right of appeal is limited to-civil actions in which the parties thereto have not the-right, by virtue of the laws of this state, to demand a trial by juxy. See section 5. And by the first section of the act, the right to demand a second trial, of course, in the Court of Common Pleas, is given in any civil action in which that court has original jurisdiction, and in which either-party has the right to demand a trial by jury, if an issue of fact has been joined therein.
In the change thus made, we think the intent of the-legislature was to substitute a second trial in the Court of Common Pleas, in the cases embraced in the first section, of the act, in lieu of another trial in the District Court, in which cases the right to appeal to the District Court was taken away by the fifth and sixth sections of the act.
Previous to this enactment it had been the policy of the state, as a general rule, to afford litigants two trials, of course, upon all issues of fact in civil cases, and the mode adopted was one trial in the court of original jurisdiction, and another in the appellate court. This practice, however, resulted in overburdening the appellate court to- *33 such an extent as to render inefficient the judicial system of the state. To remedy this mischief, and at the same time preserve the right to two trials, was the sole purpose in giving a second trial in the Common Pleas. ■
An exception, however, to the general policy above named was found in the act of March 12, 1831, in relation to actions on treasurers’ bonds. In such cases, the policy was not only to bring the delinquent to trial without delay, but also to make the first judgment final as to all questions of fact.
It is true, the terms of the statute allowing second trials of course in the Comm'on Pleas, are broad enough to include actions on- such bonds, being civil actions in which either party has the right to demand a trial by jury; but nevertheless, as the right to two trials, contrary to the general rule, bad been denied by special enactment, we think a change or modification of the general rule should not be construed to affect the exception which had been provided for by special enactment. Fosdick v. Perrysburg, 14 Ohio St. 472; Shunk v. First National Bank of Galion, 22 Ohio St. 515.
The order allowing second trial, is therefore reversed.